**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 7 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50237 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-00579-SVW-8 |
| v. | |
| VAHE DADYAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted June 8, 2023
Pasadena, California

Before: M. SMITH and DESAI, Circuit Judges, and AMON,[**] District Judge.

A jury convicted Vahe Dadyan of various offenses stemming from an eight-person conspiracy to fraudulently obtain and launder millions of dollars in federal Covid-relief funds that were intended to assist businesses impacted by the pandemic.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

Vahe argues that his convictions are not supported by sufficient evidence.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review "de novo the sufficiency of the evidence, viewing the evidence in the light most favorable to the prosecution and asking whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 980–81 (9th Cir. 2020) (cleaned up). We affirm Vahe's jury convictions.[2]

1.     A rational jury could have convicted Vahe for conspiracy to commit wire and bank fraud (Count 1). *See* 18 U.S.C. §§ 1343–1344, 1349. "[P]roof of the defendant's connection to the conspiracy must be shown beyond a reasonable doubt, but the connection can be slight." *United States v. Montgomery*, 384 F.3d 1050, 1062 (9th Cir. 2004). "[T]he government need not prove the defendant knew all the conspirators and details or participated in all the conspiracy's dealings." *United States v. Jaimez*, 45 F.4th 1118, 1123 (9th Cir. 2022). Here, evidence shows that Vahe worked in tandem with co-conspirator Tamara Dadyan to submit a $157,500 loan application with false payroll information for his business, Voyage Limo. Voyage Limo had, in fact, no payroll activity, and the false information reported on

---

[1]     Because Vahe shares the same last name as one of his co-conspirators, we refer to all defendants by their first names.

[2]     In a separately filed opinion, we affirm Vahe's restitution obligation, except that we remand for Vahe's judgment and commitment order to be amended to reflect that his restitution obligation runs jointly and severally with those of his trial co-defendants.

2

Vahe's application exactly matched that on other applications submitted by co-conspirators.

2.      A rational jury could have convicted Vahe for conspiracy to commit money laundering (Count 26). *See* 18 U.S.C. § 1956(h). Evidence shows that the $157,500 from the Voyage Limo loan was deposited in a bank account that Vahe controlled. Tamara texted Richard Ayvazyan, another co-conspirator, to "send the account number again so I have [Artur Ayvazyan, another co-conspirator] go deposit the 157k Vahe." All but $2,500 of that sum was then transferred with the false description, "payroll," to a Runyan Tax Service account controlled by Richard. That money was then transferred to an escrow company for the purchase of a house. Text messages between Richard and Tamara then contemplate paying at least $50,000 to Vahe. And bank records show two $25,000 payments to one of Vahe's business accounts.

3.      A rational jury could have convicted Vahe, pursuant to *Pinkerton*, for bank and wire fraud based on acts taken by his co-conspirators (Counts 8–12, 19–20). *See* 18 U.S.C. §§ 1343–1344; *Pinkerton v. United States*, 328 U.S. 640, 647–48 (1946) (a defendant is liable for offenses committed by co-conspirators that are "in furtherance of the conspiracy," "within the scope" of the conspiracy, and "reasonably forsee[able]"). On appeal, Vahe does not contend that *Pinkerton*'s requirements are not met—he makes only the threshold argument that because "he

3

is not guilty of conspiracy, then he cannot be guilty of any of these [*Pinkerton*-based] counts." Because we affirm his conspiracy convictions (*supra* sections 1 and 2), we also affirm his *Pinkerton*-based convictions.

**AFFIRMED in part; VACATED AND REMANDED in part** (as explained in the separately filed opinion).